106 F.3d 427
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Gokaran SINGH, Petitioner.
 Misc. No. 488.
 United States Court of Appeals, Federal Circuit.
 Jan. 16, 1997.
 
 Before MAYER, PLAGER, and BRYSON, Circuit Judges.
 ON PETITION FOR WRIT OF MANDAMUS
 BRYSON, Circuit Judge.
 
 ORDER
 
 1
 Gokaran Singh petitions for a writ of mandamus to direct the United States General Accounting Office Personnel Appeals Board (PAB) to issue a final decision in his case and to compel the General Accounting Office (GAO) to reinstate him in his former position. Singh also moves for leave to file an overly long petition. PAB and GAO move for an additional 17-day extension of time to file their response. PAB and GAO state that Singh opposes. PAB and GAO now submit a joint response.
 
 BACKGROUND
 
 2
 In November 1990, GAO removed Singh from his position as an evaluator subsequent to his criminal convictions for rape in the third degree and four counts of endangering the welfare of a child. Singh appealed his termination to PAB in December 1990. PAB notified Singh that his appeal might be untimely and that Singh's arguments concerning his termination apparently involved allegations of discrimination, thus rendering an appeal to PAB premature. See 4 C.F.R. § 28.98. In his initial response, Singh stated that he did not wish to pursue any issues involving discrimination. On February 8, 1991, however, Singh contacted GAO and asked that the Civil Rights Office process an allegation of discrimination regarding his termination. It is unclear whether Singh realized that he could not simultaneously proceed before both PAB and the Civil Rights Office. On February 11, 1991, the GAO Civil Rights Office assigned Singh's case to a counselor, and PAB closed its investigation.
 
 
 3
 Thereafter, Singh participated in informal counseling with the GAO counselor. On February 25, 1991, the counselor sent a "Notice of Final Interview" to Singh, which stated that he had the right to file a complaint of discrimination with GAO within 15 days after receipt of the notice. Singh did not file a discrimination complaint or take any other action.
 
 
 4
 In April 1992, the Supreme Court of New York reversed Singh's convictions and ordered a new trial. The indictment against Singh was dismissed on May 28, 1993. In November 1993, Singh filed an action in the United States District Court for the Southern District of New York, alleging that his due process rights had been violated when he failed to receive a hearing after his termination. The district court dismissed the complaint for lack of jurisdiction. Singh appealed to the United States Court of Appeals for the Second Circuit. The Second Circuit affirmed the district court's judgment, noting that Singh had not pursued his complaint with the Civil Rights Office beyond the informal counseling stage.
 
 
 5
 On May 4, 1994, Singh applied for reinstatement with GAO on the ground that his convictions had been reversed and the indictment dismissed. The GAO Director of Personnel responded by letter on December 20, 1994, stating that the letter should be "construed as in the nature of a proposal to remove you." The Director noted that a New York family court decision remained in effect, in which the court held that allegations of rape and sexual abuse of Singh's daughter had been established by a preponderance of the evidence. She also stated that Singh had been issued a Memorandum of Warning in 1989 as a result of two emotional outbursts in which Singh used abusive and profane language in discussions with two of his supervisors. Consequently, the Director found that it was "not in the interest of the efficiency of the service" to reinstate Singh. The Director informed Singh that he had the right to reply to the letter within 10 days of the date of its receipt, that he could submit affidavits and other documentary evidence, that he could make an oral reply, and that he could be represented in the matter by an attorney or other person of his choice. The Director emphasized that a final decision had not been made with respect to the reinstatement.* Singh withdrew his application for reinstatement on December 29, 1994. Singh now petitions this court to direct PAB to issue a final decision in his removal case and to compel GAO to reinstate him in his former position with full benefits and back pay.
 
 DISCUSSION
 
 6
 "[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980). The remedy of mandamus is available to correct a clear abuse of discretion or usurpation of judicial power. In re Calmar, Inc., 854 F.2d 461, 464 (Fed.Cir.1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired and that the right to issuance of the writ is "clear and indisputable." Allied Chem., 449 U.S. at 35.
 
 
 7
 Singh's petition presents two issues. First, Singh argues that PAB erred when it failed to render a final decision with respect to his removal. Upon review of the papers submitted by Singh and PAB, it appears that Singh may not have understood the various procedures available to him and that he may not have fully realized the impact of his decision to pursue his allegations of discrimination with the Civil Rights Office. Nevertheless, Singh has allowed nearly six years to pass without challenge to the termination of PAB proceedings. Thus, we decline to issue a writ with regard to this matter.
 
 
 8
 Second, Singh argues that he should be reinstated because his termination rested upon his criminal convictions, which have now been reversed. However, Singh has not met his burden of demonstrating that he has no other means of obtaining reinstatement. GAO afforded Singh an opportunity to pursue administrative remedies and clearly outlined the necessary steps in its December 20, 1994 letter. Subsequently, Singh voluntarily withdrew his application for reinstatement. We conclude that review by mandamus of this issue is also not warranted. Allied Chem., 449 U.S. at 35.
 
 
 9
 Accordingly,
 
 IT IS ORDERED THAT:
 
 10
 (1) Singh's petition for a writ of mandamus is denied.
 
 
 11
 (2) Singh's motion for leave to file an overly long petition is granted.
 
 
 12
 (3) PAB and GAO's motion for an extension of time is granted.
 
 
 
 *
 A final decision by PAB would have been appealable to this court